James Sandnes (JS-8944)
Evan Shapiro (ES-6650)
Boundas, Skarzynski, Walsh & Black, LLC
1 Battery Park Plaza
New York, New York 10004
(212) 820-7700

Attorneys for Defendant Travelers Casualty and Surety
 Company of America

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO & SONS COMPANY , <br><br>                    Plaintiffs, <br><br> -against- <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br>                    Defendant. | 08 CV 03001(RJH)(DCF) <br><br> **ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Defendant Travelers Casualty and Surety Company of America ("Travelers"), by its counsel, Boundas, Skarzynski, Walsh & Black, LLC, respond to the First Amended Complaint filed by Plaintiff Julio & Sons Company ("JSC") as follows:

### The Parties

1.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Travelers admits that it is an insurance company, that it is incorporated in Connecticut, that its principal place of business is in Connecticut and that it conducts business within the State of New York and this judicial district.  Travelers denies the remaining allegations of paragraph 2.

**Jurisdiction and Venue**

3.     Paragraph 3 alleges legal conclusions to which no response is required but, to the extent a response is required, Travelers denies the allegations of paragraph 3.

4.     Paragraph 4 alleges legal conclusions to which no response is required but, to the extent a response is required, Travelers denies the allegations of paragraph 4.

**Facts**

5.     Travelers admits that it issued insurance policy number 104468586 to Julio Investors LLC, the "Parent Corporation," for the Policy Period of September 1, 2006 to September 1, 2007 (the "Policy"). Travelers denies that the Policy attached to the First Amended Complaint is a complete and accurate copy of the Policy and refers to the Policy for the full, true and accurate terms thereof. Travelers admits, upon information and belief, that JSC, Uncle Julio's Corporation and Uncle Julio's of Texas, Inc. are each an "Insured Organization" as that term is defined in the Policy. Travelers admits, upon information and belief, that each of Rick Levitt, Buster Glosson, Bill Tillet, Greg Morris and Robert Reale are, in certain circumstances, "Insured Persons." as that term is defined in the Policy. Travelers denies that Robert Glaser is an Insured Person for all purposes relevant to the matters asserted in the First Amended Complaint. Travelers lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 5.

6.     Travelers admits that pursuant to all of its terms, conditions and limitations, the Policy was issued to provide coverage for covered Claims first made during the Policy Period incepting on September 1, 2006 and expiring on September 1, 2007. Travelers admits that paragraph 6 of the Complaint has accurately quoted certain portions of the Policy but Travelers denies the characterization of the Policy set forth in paragraph 6 of the Complaint, avers that the

Policy speaks for itself as to its terms and refers to the Policy for all of its terms, conditions, limitations and exclusions.

    7.    Travelers denies the allegations of paragraph 7 of the Complaint, avers that the Policy speaks for itself as to its terms and refers to the Policy for all of its terms, conditions, limitations and exclusions.

    8.    Travelers denies the allegations of paragraph 8 of the Complaint, avers that the Policy speaks for itself as to its terms and refers to the Policy for all of its terms, conditions, limitations and exclusions.

    9.    Travelers admits that paragraph 9 of the Complaint accurately quotes a portion of the Policy but denies the characterization of the Policy set forth in paragraph 9 of the Complaint, avers that the Policy speaks for itself as to its terms and refers to the Policy for all of its terms, conditions, limitations and exclusions.

- **The RRGC Suit**

    10.    Travelers admits, upon information and belief, that in or about February 2007, Retail and Restaurant Growth Capital, L.P. ("RRGC") filed a suit in Dallas County District Court against JSC, Robert Glaser ("Glaser") and three additional named defendants. Travelers admits, upon information and belief, that the RRGC suit included allegations of breach of fiduciary duties and negligent misrepresentation among other allegations. Travelers lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 10.

    11.    Travelers admits that it sent a letter dated March 7, 2007 in which it acknowledged receipt of the RRGC suit and that paragraph 11 of the Complaint has accurately quoted a portion of the letter sent by Travelers dated March 7, 2007, but denies the

3

characterizations of that letter contained in Paragraph 11 and refers to the March 7, 2007 letter for the contents thereof.

12.     Travelers denies that its March 7, 2007 letter contained an admission that the RRGC suit alleged Wrongful Acts. Travelers admits that it sent a letter dated October 5, 2007 in which Travelers raised and reserved its rights with regard to certain issues related to coverage and advised that based on available information it must disclaim coverage for the RRGC suit. Travelers denies the characterizations of its October 5, 2007 letter contained in Paragraph 12 and refers to the October 5, 2007 letter for the contents thereof. Travelers denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 12.

13.     Paragraph 13 asserts legal conclusions to which no response is required but, to the extent a response is required, Travelers denies the allegations of paragraph 13. Travelers lacks knowledge or information sufficient to form a belief as to whether or not there is a contract between RRGC and Glaser or any other defendant other than JSC and avers that the remainder of the last sentence of paragraph 13 asserts legal argument to which no response is required but, to the extent a response is required, the allegations are denied.

14.     Travelers denies the allegations of Paragraph 14.

15.     Travelers denies that it "abandoned its Insureds" and denies that the legal fees referenced are Travelers' responsibility. Travelers is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15.

16.     Travelers denies the allegations of Paragraph 16.

- **The Shashy/Green Suit**

17.     Travelers admits, upon information and belief, that on or about June 19, 2007, Adbdo Joseph Sashy ("Shashy") and Gerald Green ("Green") filed a suit in Dallas County

District Court that purported to be an individual and shareholder derivative suit on behalf of JSC.

18.     Travelers admits that defendants named in the suit by Shashy and Green include JSC, Julio Investors LLC, Glaser, Rick Levitt, Buster Glosson, Bill Tillet, Greg Morris and Robert Reale as well as three additional entity defendants.  Travelers admits, upon information and belief, that JSC and Julio Investors LLC are "Insureds" as that term is defined in the Policy. Travelers admits, upon information and belief, that each of Rick Levitt, Buster Glosson, Bill Tillet, Greg Morris and Robert Reale are, in certain circumstances, "Insured Persons." as that term is defined in the Policy.  Travelers denies, upon information and belief, that Robert Glaser is an Insured Person.

19.     Travelers admits, upon information and belief, that the Shashy and Green suit includes allegations of breach of fiduciary duties among other allegations.  Travelers denies that all alleged breaches of duties were allegedly by an Insured Person in that capacity.

20.     Travelers admits that it sent a letter dated October 5, 2007 in which Travelers raised and reserved its rights with regard to certain issues related to coverage and advised that based on available information it must disclaim coverage for the suit by Shashy and Green. Travelers denies the characterizations of its letter contained in Paragraph 20 and refers to the October 5, 2007 letter for the contents thereof.

21.     Travelers denies that it abandoned its insured and denies that the legal fees referenced are Travelers' responsibility.  Travelers is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 21 of the Complaint.

22.     Travelers denies the allegations of Paragraph 22.

23.     Travelers denies the allegations of paragraph 23 concerning the terms of the Policy and denies the proffered explanation concerning its analysis of the relevance of collusion.

The remainder of Paragraph 23 alleges legal conclusions to which no response is required but, to the extent a response is required, Travelers denies the allegations of paragraph 23.

24.     Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged Settlement of the Shasay/Green suit. The remaining allegations of Paragraph 24 contained conclusions of law to which no response is required but to the extent a response is required, Travelers denies each and every remaining allegation of Paragraph 24.

- **The U.S. Foodservice Suit**

25.     Travelers admits, upon information and belief, that U.S. Foodservice, Inc. filed a suit in Dallas County Court on or about February 14, 2007. Travelers refers to the Plaintiff's Original Petition in the U.S. Foodservice suit for the accurate contents thereof. The remainder of Paragraph 25 presents argument and legal conclusions to which no response is required but, to the extent a response is required, Travelers denies each and every remaining allegation of paragraph 25.

26.     Travelers admits, upon information and belief, that Plaintiff's Original Petition in the U.S. Foodservice suit named as defendants: "Uncle Julio's Corporation, Uncle Julio's of Texas, Inc., Julio and Sons Company, and Julio & Sons Company" and that these defendants appear to be Insured Organizations as that term is defined in the Policy.

27.     Travelers admits, upon information and belief, that the Original Petition by U.S. Foodservice sought to recover amounts owed under a contract between U.S. Foodservice and Tia's Restaurants, Inc. and affiliates. Travelers refers to the Plaintiff's Original Petition in the U.S. Foodservice suit for the accurate contents thereof.

28. Travelers admits that it sent a letter dated April 22, 2008, in which Travelers raised and reserved its rights with regard to certain issues related to coverage and advised that based on available information it must disclaim coverage for the suit by U.S. Foodservice. Travelers denies the characterizations of its letter contained in Paragraph 28 and refers to the April 22, 2008 letter for the contents thereof.

29. Travelers denies the allegations of Paragraph 29.

30. With respect to the allegations of Paragraph 30 concerning the contents of its April 22, 2008 letter, Travelers refers to its April 22, 2008 letter for the contents thereof. The remaining allegations of Paragraph 30 contain argument and conclusions of law to which no response is required but to the extent that a response is required, Travelers denies the allegations of Paragraph 30.

31. Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged settlement of the U.S. Foodservice suit. The remaining allegations of Paragraph 31 contain conclusions of law to which no response is required but to the extent a response is required, Travelers denies each and every remaining allegation of Paragraph 31.

## Count One:
## Declaratory Judgment Concerning the RRGC Suit

32. Travelers restates its answers to Paragraphs 1 through 31 as if fully set forth herein.

33. Denied.

34. Denied.

## Count Two:
## Declaratory Judgment Concerning the Shashy/Green Suit

35. Travelers restates its answers to Paragraphs 1 through 34 as if fully set forth herein.

36. Denied.

37. Denied.

## Count Three:
## Declaratory Judgment Concerning the U.S. Foodservice Suit

38. Travelers restates its answers to Paragraphs 1 through 37 as if fully set forth herein.

39. Denied.

40. Denied.

## Count Four:
## Breach of Contract in Connection with the RRGC Suit

41. Travelers restates its answers to Paragraphs 1 through 40 as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

## Count Five:
## Breach of Contract in Connection with the Shashy/Green Suit

45. Travelers restates its answers to Paragraphs 1 through 44 as if fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## Count Six:
## Breach of Contract in Connection with the U.S. Foodservice Suit

50. Travelers restates its answers to Paragraphs 1 through 49 as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## Count Seven:
## Breach of Duty of Prompt Payment in Connection with the RRGC Suit

55. Travelers restates its answers to Paragraphs 1 through 54 as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## Count Eight:
## Breach of Duty of Prompt Payment in Connection with the Shashy/Green Suit

60. Travelers restates its answers to Paragraphs 1 through 59 as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## Count Nine:
## Breach of Duty of Prompt Payment in Connection with the U.S. Foodservice Suit

65. Travelers restates its answers to Paragraphs 1 through 64 as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## Count Ten:
## Bad Faith Refusal to Advance Defense Costs in Connection with the RRGC Suit

70. Travelers restates its answers to Paragraphs 1 through 69 as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

## Count Eleven:
## Bad Faith Refusal to Advance Defense Costs in Connection with the Shashy/Green Suit

74. Travelers restates its answers to Paragraphs 1 through 73 as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

## Count Twelve:
## Bad Faith Refusal to Advance Defense Costs in Connection with the U.S. Foodservice Suit

78. Travelers restates its answers to Paragraphs 1 through 77 as if fully set forth herein.

79. Denied.

80. Denied.

81. Denied.

## Count Thirteen:
## Statutory Attorney's Fees

82. Travelers restates its answers to Paragraphs 1 through 81 as if fully set forth herein.

83. Paragraph 83 alleges legal conclusions to which no response is required but, to the extent a response is required, Travelers denies the allegations of paragraph 83.

84. Denied.

## Count Fourteen:
## Permanent Injunction

85. Travelers restates its answers to Paragraphs 1 through 84 as if fully set forth herein.

86. Denied.

## Jury Demand

87. Travelers requests trial by jury.


WHEREFORE, Travelers denies that JSC is entitled to the relief it seeks and respectfully requests the Court to enter an Order: (1) dismissing the Complaint with prejudice; (2) denying all relief sought by the Complaint; (3) declaring that coverage is not available under the Policy for the matters presented in the First Amended Complaint; (4) awarding Travelers its costs and attorney's fees; and (4) providing such other and further relief as the Court deems just and equitable.

**First Defense**

1.  The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.  Coverage is not available for the RRGC suit as against Robert Glaser because he is not sued in the RRGC suit for conduct in his capacity as an "Insured Person" as that term is defined in the Policy.

3.  The Insuring Agreements of the Policy's Directors and Officers Liability Coverage Part, Section I., provide in pertinent part that:

> A.   The Company shall pay on behalf of the Insured Persons Loss resulting from Claims first made during the Policy Period against the Insured Persons for Wrongful Acts, including Wrongful Employment Practices, except for Loss which the Insured Organization pays to or on behalf of the Insured Persons as indemnification.
>
> B.   The company shall pay on behalf of the Insured Organization:
>
> > 2.   Loss resulting from Claims first made during the Policy Period against the Insured Persons for Wrongful Acts, including Wrongful Employment Practices, which the Insured Organization pays to or on behalf of the Insured Persons as indemnification; …

4.  With respect to these Insuring Agreements, Section II. DEFINITIONS. C., as amended by Endorsement, provides in relevant part:

> D.   "Insured Person(s)," either in the singular or the plural, means any one or more past, present, or future:
>
> > (1)   duly elected or appointed director, officer, or member of the board of managers, including any natural person serving in a comparable capacity outside of the United States;
> >
> > (2)   in-house legal counsel; or

        (3)    member of the staff, faulty or any duly constituted committee;

Of the Insured Organization.

Insured Person, either in the singular or the plural, also means any one or more past, present, or future Employee serving the Insured Organization in a capacity other than one enumerated above but (a) only while acting within the scope of his or her employment and (b) only if such Employee is included as a co-defendant in such Claims contemporaneously with or subsequent to the naming of an Insured Person serving the Insured Organization in a capacity enumerated above.

5.    Section II. DEFINITIONS. G., further provides that "Wrongful Act" means, in pertinent part:

    1.    any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty,… <u>by an Insured Person in his or her capacity as a director, officer or member of the Board of Managers of the Insured Organization;</u>

    2.    any matter asserted against an Insured Person <u>solely by reason of his or her status as a director, officer or member of the Board of Managers of the insured Organization</u>; ….

6.    The RRGC Complaint does not allege that Glaser was a director, officer, or member of the board of managers of JSC or any Insured Organization and thus is not suing him for conduct in such capacity or by reason of his status as such.

7.    Despite request and JSC's contractual duty under the Policy to provide this information, at no time prior to this litigation was Travelers advised by JSC that Glaser was or is a director, officer or member of the board of managers of JSC or any Insured Organization.

### **Third Defense**

8.    Coverage is not available for the RRGC suit as against JSC as, coverage could only be available to JSC pursuant to the terms of the Policy's Directors and Officers Liability

Coverage Part, Insuring Agreement (B)(2) but Section III. Exclusions. A.11.e., applies to exclude the RRGC suit from such coverage.

9. Under the Directors and Officers Liability Coverage Part, Section III. Exclusions. A.11.e. provides as follows:

> III. EXCLUSIONS.
>
> A. This Coverage Part shall not apply to, and the Company shall have no duty to defend or to pay, advance or reimburse Defense Expenses for, any Claim:
>
> 11. with respect to Insuring Agreement B.2. only:
>
> e. for or arising out of or in consequence of any actual or alleged liability of the Insured Organization under any express contract or agreement; for the purposes of this exclusion, an "express contract or agreement" is an actual agreement among the contracting parties, the terms of which are openly stated in distinct or explicit language, either orally or in writing, at the time of its making;

10. The RRGC suit alleges a breach of contract "Count" and purported tort "Counts" each of which is based upon and arises out of identical alleged misconduct and seeks identical relief and, accordingly, all aspects of the suit are excluded by the above-quoted Section III. Exclusions. A.11.e.

## Fourth Defense

11. Coverage is not available for the U.S. Foodservice suit because the only named defendants are an Insured Organization and the only claim is for amounts owed under an express contract or agreement, which is excluded per the Directors and Officers Liability Coverage Part Section III. Exclusions. A.11.e. as quoted above.

**Fifth Defense**

12.    The Shashy/Green Complaint is excluded from coverage pursuant to Section III.A.8. of the Policy's Directors and Officers Liability Coverage Part because that Complaint is brought by, on behalf of, and in the right of Insureds as that term is defined by the Policy.

13.    Section III.A.8. of the Policy's Directors and Officers Liability Coverage Part provides:

> III.    EXCLUSIONS.
>
> A.    This Coverage Part shall not apply to and the Company shall have no duty to defend or to pay, advance or reimburse Defense Expenses for, any Claim:
>
> 8.    by or on behalf of, or in the name or right of, any Insured; provided, however, that this exclusion shall not apply to:
>
>     a.    any derivative action by or on behalf of, or in the name or right of, the Insured Organization brought by a security holder of the Insured Organization, and brought and maintained independently of, and without the assistance, participation or intervention of any Insured;
>
>     b.    any Claim in the form of a crossclaim, third party claim or other claim for contribution or indemnity by an Insured Person and which is part of or results directly from a Claim which is not otherwise excluded by the terms of this Coverage Part; or
>
>     c.    any Claim brought or maintained by any Insured Person for any actual or alleged Wrongful Termination of an Insured Person;

14.    The exceptions provided in subparagraphs a. through c. of Section III.A.8., on their face, do not apply to the Shashy/Green Complaint.

**Sixth Defense**

15.    As each of the RRGC suit and/or the Shashy/Green suit allege intentional and or fraudulent acts, conversion, and/or statutory theft, any coverage would be barred or limited by the terms of Section III.B.1. of the Policy, as amended by Endorsement, which provides:

15

    B.   The Company shall have no duty to pay Loss, other than Defense Expenses, for any Claim:

    1.   for any Claim based upon, arising out of, or in any way relating to, directly or indirectly, any Insured:

        a.  committing any intentionally dishonest or fraudulent act or omission;

        b.  committing any willful violation of any statute, rule or law, provided, that this subparagraph b. will not apply to any Claim against Insured Persons for a Wrongful Employment Practice; or

        c.  gaining any profit, remuneration or advantage to which such Insured was not legally entitled;

    Subparagraphs a. and b. above shall not apply unless a judgment or other final adjudication establishes that such Insured committed such intentional, dishonest or fraudulent act, or willful violation;

### Seventh Defense

16.    The RRGC action asserts breaches of duties by Glaser in his capacity other than as an Insured Person of an Insured Organization, coverage is not available under the Policy.

### Eighth Defense

17.    To the extent that the Shashy/Green action asserts claims against any individual defendant based on alleged breaches of duties in their capacity other than as Insured Persons of an Insured Organization, coverage is not available under the Policy.

### Ninth Defense

18.    To the extent that the RRGC action and/or Shashy/Green action and/or the U.S. Foodservice action asserts claims covered under any other insurance policy, coverage under the Policy would only apply as excess over such insurance.

### Tenth Defense

19.     Plaintiff is not entitled to advancement of defense expenses in any event as it has not complied with conditions precedent to coverage under the Policy.

### Eleventh Defense

20.     To the extent that the Shashy/Green action seeks statutory damages for theft, coverage is barred or limited as the Directors and Officers Liability Coverage Part of the Policy provides that "Loss" covered thereunder, *inter alia,* "shall not include civil or criminal fines; sanctions; liquidated damages; payroll or other taxes; penalties; the multiplied portion of any multiplied damage award; or damages or types of relief deemed uninsurable under applicable law."

### Twelfth Defense

21.     To the extent that the RRGC action and/or Shashy/Green action seeks disgorgement by their respective defendants, coverage is barred or limited by applicable law and policy.

### Thirteenth Defense

22.     To the extent that the RRGC action and/or Shashy/Green action seeks punitive damages, coverage may barred or limited by applicable law and policy.

### Fourteenth Defense

23.     JSC is not entitled to coverage under the Policy as a matter of contract and law because it seeks indemnification for matters outside the scope of the coverage afforded by the Policy.  Travelers expressly reserves all of its rights to enforce any and all of the contractual limitations on the scope of its coverage.

**Fifteenth Defense**

24.	JSC is not entitled to coverage under the Policy as a matter of contract and law because it seeks indemnification for matters that fall within one or more of the limiting terms, conditions or exclusions of the Policy.  Travelers expressly reserves all of its rights to enforce any and all such term, condition or exclusion.

WHEREFORE, Travelers denies that JSC is entitled to the relief it seeks and respectfully requests that this Court enter an Order:  (1) dismissing the Complaint with prejudice; (2) denying all relief sought by the Complaint; (3) (3) declaring that coverage is not available under the Policy for the matters presented in the First Amended Complaint; (4) awarding Travelers its costs and attorney's fees; and (4) providing such other and further relief as the Court deems just and equitable.

Dated:	New York, New York
	July 28, 2008

> BOUNDAS, SKARZYNSKI, WALSH &
> BLACK, LLC
>
> By:   /s/ Evan Shapiro
>         Jim Sandnes  (JS-8944)
>         Evan Shapiro  (ES-6650)
> One Battery Park Plaza
> New York, New York 10004
> (212) 820-7700
>
> Attorneys for Defendant
> Travelers Casualty and Surety Co. of America